UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JIANHUA ZHANG, HUMBERTO RUIZ, GABRIEL
LEON, IGNACIO CABRERA, and YERI NAJERA,

        Plaintiffs,

    -against-                                     Civ. No. 09 CIV. 0711

PANDA RESTAURANT GROUP, INC., and
PANDA EXPRESS, INC.,                            JUDGE ROBINSON

        Defendants.
------------------------------------------------------------------X

## COMPLAINT

The Plaintiffs, Jianhua Zhang, Humberto Ruiz, Gabriel Leon, Ignacio Cabrera, and Yeri Najera by counsel, and for their Complaint, respectfully state as follows upon information and belief:

### INTRODUCTION

1. This suit seeks relief from Defendants' clear and purposeful deprivation and violation of the Plaintiffs' rights under the wage-and-hour provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et. seq., the New York State Labor Law ("Labor Law"), Articles 6 and 19, and supporting regulations. The Plaintiffs are individual residents of the County of Rockland in the State of New York and employees of the Defendants who seek compensatory and punitive damages in connection with Defendants' violations of the Federal and State wage-and-hour provisions by depriving Plaintiffs of their lawful wages.

2. The nature of the violations include Defendants' willfully, intentionally and/or recklessly requiring non-exempt hourly employees to work off-the-clock depriving them of regular and overtime pay.

3. The Plaintiffs have commenced this action seeking the compensation, including overtime compensation, which they were wrongfully deprived, plus interest, damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331, in that claims are asserted under the laws of the United States. This Court has supplemental jurisdiction over Plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district. Venue is also proper in this Court under 28 U.S.C. §1391(c) because Defendant corporations are deemed to reside in this judicial district where Defendant corporations have owned, operated, managed, and maintained a restaurant where the named Plaintiffs were employed and is subject to personal jurisdiction.

## PARTIES

6. Plaintiff, Jianhua Zhang, resides in County of Rockland, State of New York, and is employed by the Defendants as the Assistant Manager of the Panda Express

restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York, for 7 years. He has worked for the Defendants for a total of 11 years.

7. Plaintiff, Humberto Ruiz, resides in County of Rockland, State of New York, and is employed by the Defendants as Lead Counter Help at the Panda Express restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York, for 5 years. He has worked for the Defendants for a total of 7 years.

8. Plaintiff, Gabriel Leon, resides in County of Rockland, State of New York, and is employed by the Defendants as Cook at the Panda Express restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York, for 9 years. He has worked for the Defendants for a total of 9 years.

9. Plaintiff, Ignacio Cabrera, resides in County of Rockland, State of New York, and is employed by the Defendants as Counter Help at the Panda Express restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York, for 9 years. He has worked for the Defendants for a total of 9 years.

10. Plaintiff, Yeri Najera, resides in County of Rockland, State of New York, and is employed by the Defendants as Kitchen Help at the Panda Express restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York, for 7 years. He has worked for the Defendants for a total of 7 years.

11. Defendant, Panda Restaurant Group, Inc., is a foreign corporation doing business within the State of New York with principal executive offices located at 1683 Walnut Grove Avenue, Rosemead, California, 91770 and registered agent located at CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

12. Defendant, Panda Express, Inc., is a foreign corporation doing business within the State of New York with principal executive offices located at 1683 Walnut Grove Avenue, Rosemead, California, 91770 and registered agent located at CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

13. Defendant, Panda Restaurant Group, Inc., directs the operations and decision-making of Defendant, Panda Express, Inc., and also maintains the interrelationship of operations, centralized control of labor relations, common management and/or common ownership and financial control with and over Panda Express, Inc. All of the named defendants actively participated in committing the acts alleged herein.

14. At all relevant times herein, Defendants owned, operated, and/or managed the Panda Express restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York.

15. At all relevant times herein, Defendants employed the Plaintiffs at the Panda Express restaurant, Store No. 418, Palisades Center Mall, County of Rockland, State of New York.

16. At all relevant times herein, Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

17. At all relevant times herein, Defendants employed and continue to employ Plaintiffs in its places of business in furtherance of the activities of the above enterprises

while engaged in commerce and Defendants engaged and continue to engage in commerce by selling and/or providing goods and/or services to its customers.

18.  At all relevant times herein, Defendants' businesses and enterprises have/had annual gross revenue in excess of $500,000 (five hundred thousand dollars).

## FACTUAL BACKROUND

19.  At all relevant times herein, Defendants actively encourage and provide significant incentives to reduce reported labor hours even though they know and/or reasonably should know that Plaintiffs actually are required to work longer hours in order to complete work duties.

20.  Since January 26, 2003, and at all relevant times herein, Plaintiffs were expected to, and did in fact, work beyond their scheduled hours and off-the-clock in order to complete their respective work duties for which they were not compensated. In this regard, Plaintiff Cabrera was expected to, and in fact did, work at least 60 hours per week, 10 hours of which were off-the-clock and uncompensated; Plaintiff, Ruiz, was expected to, and in fact did, work at least 60 hours per week, 10 hours of which were off-the clock and uncompensated; Plaintiff Leon was expected to, and in fact did, work at least 45 hours per week, 5 hours of which were off-the-clock and uncompensated; Plaintiff, Najera, was expected to, and in fact did, work at least 45 hours per week, 4 hours of which were off-the clock and uncompensated; and Plaintiff Zhang was expected to, and in fact did work at least 4 hours per week which were off-the-clock and uncompensated.

21. Since January 26, 2003 and at all relevant times herein, all Plaintiffs were often required to perform substantial work duties on behalf of and for the benefit of Defendants during their meal breaks without compensation.

22. Since January 26, 2003 and at all relevant times herein, Defendants knew and/or reasonably should have known that Plaintiffs in fact worked off-the-clock hours for which they were uncompensated and that such off-the-clock hour were required in order to complete their work duties.

## AS AND FOR A FIRST CAUSE OF ACTION

23. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

24. Defendants have willfully and intentionally violated the provisions of the FLSA, as detailed herein, by requiring Plaintiffs, who are non-exempt hourly employees, to work off-the-clock thereby failing and refusing to pay the proper hourly wage compensation including overtime compensation.

25. Because Defendants willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

26. As a result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by being denied overtime and proper wages in accordance with § 206 and § 207 of the FLSA.

27. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

28. As a result of unlawful acts of Defendant, Plaintiffs have been deprived of overtime and proper wage compensation in amounts to be determined at trial, and are

entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to § 216(b) of the FLSA.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

30. Defendants have engaged in the practice of improperly failing to compensate the Plaintiffs in willful violation of the New York State Labor Law.

31. As a result of unlawful acts of Defendant, Plaintiffs have been deprived of overtime and proper wage compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiffs re-allege and incorporates by reference the preceding paragraphs as if fully set forth herein.

33. Because of Defendants denial of overtime and proper wages to Plaintiffs, Defendants have been able to unjustly enrich itself by withholding monies that rightfully belong to Plaintiffs.

34. Under equity and good conscience, Defendants must disgorge those illegally withheld wages to Plaintiffs in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

B. Unpaid regular wages and overtime wages pursuant to N.Y. Lab. Law Art. 6, §§ 190 et seq., Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, plus pre-judgment interest;

C. An injunction requiring Defendants to pay all statutorily-required wages pursuant to the New York Labor Law;

D. For judgment on the Third Cause of Action for unjust enrichment awarding compensatory and punitive damages against the Defendants, jointly and severally, in an amount to be determined at trial, but in no event less than $5,000,000;

F. Attorneys' fees and costs; and

G. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: South Nyack, New York
January 26, 2009

                                              Respectfully submitted,

                                              **FEERICK LYNCH MACCARTNEY PLLC**

                                              By: Mary E. Brady Marzolla (1077)
                                              Attorneys for Plaintiff
                                              96 South Broadway
                                              South Nyack, New York 10960
                                              (845) 353-2000